# EXHIBIT A

VIRGINIA: IN THE CIRCUIT COURT FOR PITTSYLVANIA COUNTY

**RECEIVED**

AUG 0 2 2022

Correctional Litigationort Section

Jerry S. Fontaine,                          )            )

        Plaintiff                          )

V.                                          )            **COMPLAINT**

                                                         CASE CL22000641-00

                                                         **RECEIVED**

Virginia Department of Corrections,    )     )           AUG 0 2 2022
Green Rock Correctional Facility,      )
Gary Bowker,                                             CIVIL LITIGATION
Jason S. Miyares, Attorney General,    )                 TRIAL SECTION
1704 Beverly Heights Road              )
Chatham, Virginia, 24531               )

        Defendant                      )


TO THE HONORABLE STACY W MOREAU, JUDGE OF SAID COURT:

Comes Now, Your Plaintiff, Jerry S. Fontaine, represents unto the Court as follows:

1. That on or about April 1, 2022 Plaintiff applied for three different positions with
   the Virginia Department of Corrections: Case Manager, Probation Officer and
   Corrections Officer; and

2. That is and has been an actual bona fide resident and domiciliary of the State of
   Virginia for a period of more than one year; and

3. That the Defendants has conducted state business and domiciliary of the State of
   Virginia for a period of more than one year: and

4. That the Defendants were complicit in unlawful employment discrimination and
   violated the following: The Civil Rights Act of 1964, along with violations of
   section 501 and 505 of the Rehabilitation Act of 1973; see exhibit A and

5. That the Defendants are in violation of the Color of Law in the state of Virginia to
   include a complete disregard for protected rights under the 14th amendment, see
   exhibit B.

Filed in the Clerk's Office of the Circuit Court of Pittsylvania County
a 26th day of July, 2022 at 4:27 am/pm
Mark W. Scarce, Clerk

Jessica whd                              Deputy Clerk

WHEREFORE. Plaintiff prays that he may be granted a summary judgement, yielding $300,000 dollars in damages for willful violation of due process and wonton willful practices of unlawful employment discrimination.

Jerry Sanders Fontaine

Plaintiff:

4060 Banister Road

Chatham, Virginia 24531

434-429-4506

Jason S. Miyares
Attorney General of Virginia
202 North Street
Richmond, Virginia 23219

Attention: Attorney General Miyares,

**ISSUE:**

Comes Now the Complaint, bringing light to you as being a victim of unlawful discriminatory practice executed by *Green Rock Correctional Facility and Gary Bowker, et al.*

Approximately 60 days ago, I submitted an application for employment, as a Case Manager, Probation Officer and a Corrections Officer in Chatham Virginia.

While in NYS, I worked in Corrections, Parole, Mental Hygiene, Division of Youth and the Labor Department since 1974.

On Oct 31, I retired and relocated to Chatham Virginia.

While driving on route 29 north, I noticed a sign seeking opportunities for Corrections Officers, at which time, I applied.

However, days after completing the application, Mr. Bowker contacted me and informed me that my application was dead in the water due to a Felony conviction. I informed Mr. Bowker that I do not have any Felony convictions.

I told him that I have one Misdemeanor conviction where I obtained a simple pardon from the Governor of Virginia. Kindly note, a copy of the pardon was given to Mr. Bowker to no avail.

Days later, Mr. Bowker's Supervisor emailed me, which directed me to get the two dismissed charges expunged and an offer of employment would be given. I explained to the both of them; that is a violation of my rights to due process as the charges were **dismissed in my favor** and no inadvertent action should be taken against me. On the contrary, I did obtain my finger prints and in the process of filing a motion for expungement In Pittsylvania County on the two dismissed charges. The one remaining is from the same incident, which is ripe for expungement in 2025 under the new law. Moreover, if you review the case **Fontaine Vs. The Commonwealth** you will find the Plaintiff had no creditability

and the conviction was based on Hearsay from a person who concealed the Murder of two NYC Police Officers Jane Nelson aka Jane Mann. What is important is the fact she was not there or in Virginia. Ms. Nelson had motive as she had knowledge I turned her son in to the authorities. Who is serving 48 years in prison, while her second child is doing life in NYS DOCCS.

## Rational

This is a clear case where I was a victim of judicial injustice fueled by retaliation of Jane Nelson and her brother inlaw William Gaddy a convicted felon, coupled with a court decision that is not a **True Bill of Facts.**

## Analysis

Minorities have historically been treated unfairly since the **Martinsville Seven.**

## Conclusion

The case is not a true bill and the issue in the complaint is a clear violation of due process and unlawful discrimination pursuant to the Virginia code 2.2-3907. Wherein the Attorney General of Virginia should investigate and file the complaint with the Office of Civil Rights Office of Law.

Respectfully

Jerry S. Fontaine

Sworn Before me __28th__ this day of __July__ 2022.

Angela Solbhan Oakes
Notary Public
Commonwealth of Virginia
Reg #7796789
My Commission Expires __10 31 2022__



# *COMMONWEALTH of VIRGINIA*

## *Executive Department*

### TO ALL TO WHOM THESE PRESENTS SHALL COME — GREETING:

**WHEREAS** at a hearing held in and for the Circuit Court for the County of Pittsylvania on August 1, 1995, **Jerry Sanders Fontaine** was sentenced after being convicted of Assault in violation of Virginia law (misdemeanor); and

**WHEREAS** all costs, fines, and other sentence obligations have been met; and

**WHEREAS** it appears that **Jerry Sanders Fontaine** is a fit subject for clemency having provided evidence of a commendable adjustment and having received a favorable recommendation by the Virginia Parole Board;

**NOW, THEREFORE,** I, Ralph S. Northam, Governor of the Commonwealth of Virginia, by virtue of the authority vested in me, grant **Jerry Sanders Fontaine** a Simple Pardon.

This action represents official forgiveness for the crimes committed, but shall not represent expungement of the criminal record.

Given under my hand and under the Lesser Seal of the Commonwealth at Richmond, this 23rd day of October in the year of Two Thousand and Eighteen, the 243rd year of the Commonwealth.



_____
Governor of Virginia

_____
Secretary of the Commonwealth

**MARK W. SCARCE**
Clerk of Pittsylvania Circuit Court
P.O. Drawer 31
Chatham, Virginia 24531

GREENSBORO NC   270
PIEDMONT TRIAD AREA
27 JUL 2022   PM 5   L



*Jason S. Miyares*
*Attorney General of Virginia*
*202 N. Ninth Street*
*Richmond VA 23219*

23219-342499

VIRGINIA:  IN THE CIRCUIT COURT OF PITTSYLVANIA COUNTY

JERRY S. FONTAINE,                          )
                                            )
     Plaintiff,                             )
                                            )
v.                                          )        Case No. CL22000641-00
                                            )
VIRGINIA DEPARTMENT                         )
OF CORRECTIONS, et al.,                     )
                                            )
     Defendants.                            )

## PLEA IN BAR, PLEA OF SOVEREIGN IMMUNITY, PLEA OF QUALIFIED IMMUNITY AND DEMURRER TO COMPLAINT

COME NOW the defendants, the Virginia Department of Corrections ("VDOC" or "Department") and Gary Bowker ("Bowker") (hereinafter the Department and Bowker shall collectively be referred to as "Defendants"), by counsel, and state as follows for their Plea in Bar, Plea of Sovereign Immunity, Plea of Qualified Immunity and Demurrer to the Complaint filed by the *pro se* plaintiff, Jerry S. Fontaine ("Plaintiff" or "Fontaine")[1]:

## I.    Introduction

On or about July 26, 2022, Plaintiff filed a complaint, accompanied by two exhibits ("Complaint"). In his Complaint, Fontaine alleges that Defendants "were complicit in unlawful employment discrimination." He also alleges that they "violated the following": "the Civil Rights Act of 1964, along with violations of section 501 and 505 of the Rehabilitation Act of 1973." Complaint, ¶ 4. Plaintiff goes on to allege "[t]hat the Defendants are in violation of the Color of Law in the state of Virginia to include a complete disregard for protected rights under the 14th amendment." Complaint, ¶ 5. Fontaine's claims appear to center around his not being hired by

_____

[1] Plaintiff lists the Attorney General of Virginia in the style of the Complaint but there are no allegations against him contained therein. As a result, the lone Defendants herein are the Department and Bowker.

the Department as a corrections officer "due to a felony conviction." While Plaintiff states that he does not have a "felony conviction" for assault and battery, he does admit that he has a misdemeanor conviction for this offense. Complaint, Exhibit A.

As discussed in more detail below, Plaintiff's "Civil Rights Act" claim[2] is barred against the Department because he failed to exhaust the requisite administrative remedies before filing suit. Fontaine's claim under the Rehabilitation Act against VDOC fails because the sections he cites (501 and 505) do not apply to state entities like the Department. Similarly, Plaintiff's "14th amendment" claim fails because Defendants are immune from such actions.

Both Fontaine's "Civil Rights Act" claim, as well as his Rehabilitation Act claim, against Bowker also must be dismissed *with prejudice* because there is no individual liability under either statute.

Finally, all of Plaintiff's claims against both Defendants fail because the Complaint does not contain sufficient factual allegations to demonstrate discrimination on the basis of any protected class or disability, nor does it otherwise state any legally cognizable cause of action under the Fourteenth Amendment (and/or other federal or state law).

## II.   Defendants' Plea in Bar

### A.   Legal Standard

A plea in bar is a defensive pleading that reduces the litigation to a particular issue which, if proven, creates a bar to a plaintiff's right of recovery. *See Whitley v. Commonwealth*, 260 Va. 482, 493 (2000); *see also Tomlin v. McKenzie*, 251 Va. 478, 480 (1996); *see also Kroger Co. v.*

---

[2] Although Fontaine fails to identify the particular "Civil Rights Act" under which he has brought suit herein, VDOC will liberally construe, in light of Plaintiff's *pro se* status, his claim to be made pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*, solely for purposes of this responsive pleading.

2

*Appalachian Power Co.,* 244 Va. 560, 562 (1992). A party asserting a plea in bar carries the burden of proof. *See Tomlin,* 251 Va. at 480. In deciding a plea in bar, a trial court is permitted to hear evidence *ore tenus*, and its findings are entitled to the weight accorded to a jury verdict. *See Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010).

**B.**   **Plaintiff Failed To Exhaust His Administrative Remedies**

With respect to his Title VII claim, Plaintiff's failure to exhaust the prerequisite administrative remedies prior to filing his Title VII claim creates a bar to his right to recovery. Before filing a civil action under Title VII, "[a] charge ... shall be filed" with the Equal Employment Opportunity Commission ("EEOC") "by or on behalf of a person claiming to be aggrieved." *See* 42 U.S.C. § 2000e-5(e)(1). Upon receipt of the Charge, the EEOC notifies the employer (*e.g.*, VDOC) and investigates the allegations. *See* 42 U.S.C. § 2000e-5(b). Here, the Complaint makes no mention of an EEOC charge or investigation. Depending on the outcome of the investigation, the EEOC may either file suit itself, or issue the complainant (*e.g.,* Plaintiff) a notice that "a civil action may be brought against the respondent named in the charge [(*e.g.*, VDOC)]." *See* 42 U.S.C. § 2000e-5(f)(1). Plaintiff's Complaint, however, does not allege that the EEOC issued the requisite notice to him after the filing of such a Charge. This is because the EEOC has not issued the Notice of Right to Sue, per the EEOC Respondent Portal as reviewed on August 15, 2022.

As a result, Plaintiff's Title VII claim is barred and that portion of his Complaint must be dismissed against both Defendants.

**C.**   **Sections 501 and 505 of the Rehabilitation Act Do Not Apply**

Section 501 of the Rehabilitation Act prohibits employment discrimination against individuals with disabilities in the federal sector. *See* 29 U.S.C. § 791. VDOC, however, is state

3

government agency within Virginia's executive department, *i.e.*, not part of the federal government. *See* Va. Code § 53.1-8. For his part, Bowker is an individual employed by the Department. Consequently, both Defendants fall outside the purview of Section 501 and, as a result, Plaintiff's Section 501 claim is inapplicable and must be dismissed *with prejudice*.

Section 505 of the Rehabilitation Act outlines the remedies available to a prevailing party when an employer violates *other* sections of the Act; Section 505, however, does not itself provide its own, separate cause of action. *See* 29 U.S.C. § 794a. Plaintiff's Section 505 claim therefore must also be dismissed against both Defendants *with prejudice*.

**D.   No Individual Liability Exists Under Either Title VII or the Rehabilitation Act**

Plaintiff's "Civil Rights Act" claim is barred against Bowker because there is no individual liability for Title VII violations. *See Pettis v. Nottoway Cty. Sch. Bd.*, No. 3:12cv864 (HEH), 2013 U.S. Dist. LEXIS 86556, at *9-10 (E.D. Va. May 30, 2013) ("[E]mployees and supervisors are not liable in their individual capacities for Title VII violations") (citing *Lissau v. Southern Food Serv.*, 159 F.3d 177, 180-81 (4th Cir. 1998)); *see also Norman v. City of Roanoke*, No. 7:04CV00278, 2004 U.S. Dist. LEXIS 21340, at *4-5 (W.D. Va. Oct. 25, 2004) (holding that there is no individual liability for Title VII claims); *see also Blowe v. Bank of Am.*, No. 2:07cv595, 2008 U.S. Dist. LEXIS 139675, at *6-7 (E.D. Va. July 28, 2008) (holding that individual liability is "foreclosed" under Title VII). Title VII applies to "employers" as defined by statute. *See* 42 U.S.C. § 2000e(b). In light of the foregoing, Plaintiff's Title VII claim is barred against Bowker and must be dismissed *with prejudice*.

Similarly, there is no individual liability for violations of the Rehabilitation Act. *See Lucas v. Henrico Cty. Sch. Bd.*, 822 F. Supp. 2d 589, 613 (E.D. Va. 2011) ("[T]he Rehabilitation Act do[es] 'not permit actions against individual defendants who do not qualify as "employers" under

4

Title VII") (citing *M.S. v. Fairfax Cty. Sch. Bd.*, No. 1:05cv1476 (JCC), 2006 U.S. Dist. LEXIS 53323, at *11-12 (E.D. Va. Mar. 20, 2006)); *see also Hixson v. Hutcheson*, No. 5:17-cv-00032, 2018 U.S. Dist. LEXIS 21962, at *10 (W.D. Va. Feb 8, 2018) ("[R]ehabilitation Act claims are only available against public entities or employers; individuals may not be sued in their individual capacities under [this] statute"); *see also Bracey v. Buchanan*, 55 F. Supp. 2d 416, 420 (E.D. Va. 1999) (holding that there is no individual liability for Section 504 claims under the Rehabilitation Act). Plaintiff's Rehabilitation Act claim is thus also barred against Bowker and must be dismissed *with prejudice*.

### E. Defendants Are Immune From Plaintiff's "14th Amendment" Claim

### 1. Plea of Sovereign Immunity by VDOC and Bowker

The Commonwealth maintains its common law protection from suit under the doctrine of sovereign immunity. "[T]hat doctrine is 'alive and well' in Virginia." *Messina v. Burden*, 321 S.E.2d 657, 660 (Va. 1984). VDOC is a state agency (per Va. Code § 53.1-8 *et seq.*) and thus also "enjoys the privileges of immunity." *See Drew v. Va. Commonwealth Univ.*, No. 3:17cv429, 2018 U.S. Dist. LEXIS 50944, at *3 (E.D. Va. Mar. 27, 2018). States retain their sovereign immunity from federal claims when sued in state court - and neither the Commonwealth nor VDOC has waived its sovereign immunity for the federal claims brought against them in the instant action. *See Clark v. Va. Dep't of State Police*, 292 Va. 725, 728, 793 S.E.2d 1, 2 (Va. 2016) (citing *Alden v. Maine*, 577 U.S 706, 715, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)).

Plaintiff has not brought his "14th Amendment" Claim under 42 U.S.C. § 1983; but, even if he had, states and state agencies are not "persons" within the meaning of [42 U.S.C.] § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Bowker, in his official capacity, is also not a "person" for the purposes of § 1983. *Brandon v. Holt*, 469 U.S. 464, 471 (1985) (a

suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.) As such, it is no different from a suit against the State itself and must be dismissed. *Id.* (citing *Ky. v. Graham*, 473 U.S. 159, 165-166 (1985)). Bowker, in his official capacity, is thus likewise entitled to, and has not waived, sovereign immunity. *Id.*; *see also, Ibrahim v. Old Dominion Univ.*, No. 88-259-N, 1989 U.S. Dist. LEXIS 18059, at \*79-80 (E.D. Va. July 6, 1989) (shielding ODU from claims under Sections 1981 and 1983 because Congress has not expressed a clear intention to abrogate Virginia sovereign immunity); *Drew*, 2018 U.S. Dist. LEXIS 50944, at \*3; *Herron v. Va. Commonwealth Univ.*, 366 F. Supp. 2d 355, 363-64 (E.D. Va. 2004) (holding that, in § 1981 and § 1983 actions, immunity extends to state agencies and state employees in their official capacities). As a result, both the Department and Bowker, in his official capacity, move to dismiss Plaintiff's "14th Amendment" claim based on their plea of sovereign immunity.

## 2.    Plea of Qualified Immunity by Bowker

Bowker, in his individual capacity, moves to dismiss Plaintiff's "14th Amendment" Claim in the Complaint based on qualified immunity. Qualified immunity protects government officials sued in their personal capacities from liability in § 1983 actions if the right was not clearly established at the time of the alleged violation. *Doe v. Rector & Visitors of George Mason Univ.,* 132 F. Supp. 3d 712, 724 (E.D. Va. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (additional citation omitted)). "To avoid excessive disruptions of government, a qualified immunity is recognized to protect government officials performing discretionary functions from civil damage suits insofar as the officials' conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McVey v. Stacy*, 157 F.3d 271, 276 (4th Cir. 1998) (internal quotation and citation omitted). Plaintiff has failed to allege

6

sufficient facts to overcome Bowker's entitlement to qualified immunity. By way of illustration, but not limitation, Plaintiff has failed to adequately plead facts showing that Bowker violated any "clearly established" right(s) of his.

As a result, Bowker moves to dismiss Plaintiff's "14th Amendment" claim based on qualified immunity.

## III.   **Defendants' Demurrer**

### A.   **Legal Standard**

A demurrer tests whether a pleading states a cause of action upon which relief can be granted. *See* Va. Code Ann. § 8.01-273(A); *see also, Elliott v. Shore Stop, Inc.*, 238 Va. 237, 239-40 (1989) (stating that a demurrer "tests the legal sufficiency" of the complaint . . . "confined to the facts alleged when analyzing the pleading"). For purposes of a demurrer, all material facts properly pleaded are taken as true, *Fisher v. Tails, Inc.*, 289 Va. 69, 73 (2015), but legal conclusions are not. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382 (1997). A demurrer should be sustained if the pleading does not state a valid cause of action because it fails to allege facts supporting all elements of the claim at issue. *See Mortarino v. Consultant Eng'g Svcs.*, 251 Va. 289, 295 (1996).

### B.   **Plaintiff Has Failed To Plead Exhaustion Of Administrative Remedies**

As noted previously, Plaintiff has failed to plead that he has properly exhausted his administrative remedies herein. For the reasons stated above, Defendants thus demur on this basis to his "Civil Rights Act" claim.

### C.   **Plaintiff Has Failed To Adequately Plead A "Civil Rights Act" Claim**

Assuming, *arguendo*, Plaintiff has properly exhausted his administrative remedies, Title VII protects employees from discrimination on the basis of race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e-2(a). Plaintiff's Complaint contains nothing more than the

7

conclusory statement that he has been subject to "unlawful employment discrimination." By way of illustration, but not limitation, Plaintiff has failed to plead sufficient facts demonstrating that any such unlawful employment discrimination has occurred. Moreover, in Exhibit A of the Complaint, Plaintiff admits that his job "application was dead in the water" due to his criminal history, and thereby acknowledges that VDOC denied him employment for a legitimate, nondiscriminatory reason. Put another way, while Plaintiff alleges an adverse employment action (the Department's failure to hire him), the Complaint contains nothing more than conclusory allegations that VDOC discriminated against him. Plaintiff's legal conclusions, however, are of no moment here, *see Ward's Equip., Inc.*, 254 Va. at 382, and do not give rise to an inference of discrimination, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The Complaint therefore fails to articulate a factual basis to satisfy the elements of a Title VII claim and Defendants demur to that claim.

**D.    Plaintiff Has Failed To Properly Plead A Rehabilitation Act Claim**

As stated above in the Defendants' Plea in Bar, Sections 501 and 505 of the Rehabilitation Act apply to the federal government, and do not apply to state agencies such as VDOC (or individuals such as Mr. Bowker). *See* 29 U.S.C. §§ 791, 794a; *see also* Va. Code § 53.1-8. As a result, Defendants demur to Plaintiff's claims under Sections 501 and 505 of the Rehabilitation Act.

Even if Plaintiff alleged a viable claim under an applicable portion of the Rehabilitation Act, his Complaint would still lack a factual basis to substantiate his claim. By way of illustration, but not limitation, Plaintiff has not alleged that he has a covered disability and/or what that alleged disability is. As noted above, the Complaint contains nothing more than the conclusory statement that the Act has been violated. Again, however, Plaintiff's conclusory statements have no bearing

8

here, *see Ward's Equip., Inc.*, 254 Va. at 382, and there are no facts in the Complaint to advance his claim. As a result, Defendants further demur on this basis to Plaintiff's Rehabilitation Act claims.

**E.    Plaintiff Has Failed To Adequately Plead A "14th Amendment" Claim**

Plaintiff summarily alleges that VDOC is in "complete disregard for [Plaintiff's] protected rights" in violation of the "14th Amendment" - but does not elaborate upon this statement or identify said "rights." Plaintiff also merely cites to Exhibit B to his Complaint, which appears to be a simple pardon granted to Plaintiff for a misdemeanor assault and battery conviction. Put simply, Plaintiff provides no factual basis whatsoever for his purported claim under the Fourteenth Amendment. As a result, Defendants demur to this claim. *See Mortarino*, 251 Va. at 295.

## III.   Conclusion

Defendants respectfully request that their Plea in Bar, Plea of Sovereign Immunity, Plea of

Qualified Immunity and Demurrer be sustained, and that the Complaint be dismissed, in its entirety

and *with prejudice*.  Defendants further request any other relief that the Court deems just and

appropriate.

Respectfully submitted,

**VIRGINIA DEPARTMENT
OF CORRECTIONS and GARY BOWKER**

By Counsel

Muhammad Umar (VSB No. 96092)
Assistant Attorney General
Ronald N. Regnery (VSB No. 37453)
Senior Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-9593
Facsimile: (804) 371-2087
Email:  MUmar@oag.state.va.us
Email:  RRegnery3@oag.state.va.us
*Counsel for Defendants,*
*Virginia Department of Corrections*
*and Gary Bowker*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th of August, 2022, a true copy of the foregoing Plea in Bar,

Plea of Sovereign Immunity, Plea of Qualified Immunity and Demurrer to Complaint was mailed

via USPS, postage prepaid, to the following:

> Jerry S. Fontaine
> 4060 Banister Road
> Chatham, VA 24531
> *Plaintiff Pro Se*

Muhammad Umar (VSB No. 96092)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786- 9593
Facsimile: (804) 371-2087
Email: MUmar@oag.state.va.us
*Counsel for Defendants,*
*Virginia Department of Corrections*
*and Gary Bowker*

VIRGINIA:   IN THE CIRCUIT COURT OF PITTSYLVANIA COUNTY

| | |
|---|---|
| JERRY S. FONTAINE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. CL22000641-00 |
| | ) |
| VIRGINIA DEPARTMENT | ) |
| OF CORRECTIONS, et al., | ) |
| | ) |
|     Defendants. | ) |

## PLEA OF SOVEREIGN IMMUNITY AS TO PLAINTIFF'S CLAIM
## UNDER VIRGINIA CODE § 2.2-3907

COME NOW the defendants, the Virginia Department of Corrections ("VDOC" or "Department") and Gary Bowker ("Bowker") (hereinafter the Department and Bowker shall collectively be referred to as "Defendants"), by counsel, and state as follows for their Plea of Sovereign Immunity to the claim pursuant to Va. Code § 2.2-3907 to the extent made in the Complaint filed by the *pro se* plaintiff, Jerry S. Fontaine ("Plaintiff" or "Fontaine")[1]:

## I.    Introduction

On or about July 26, 2022, Plaintiff, who is *pro se*, filed a complaint, accompanied by two exhibits ("Complaint"). In his Complaint, Fontaine alleges that Defendants "were complicit in unlawful employment discrimination." He also alleges that they "violated the following": "the Civil Rights Act of 1964, along with violations of section 501 and 505 of the Rehabilitation Act of 1973." Complaint, ¶ 4. Plaintiff goes on to allege "[t]hat the Defendants are in violation of the Color of Law in the state of Virginia to include a complete disregard for protected rights under the 14th amendment." Complaint, ¶ 5. Fontaine's claims appear to center around his not being hired

---

[1] Plaintiff lists the Attorney General of Virginia in the style of the Complaint but there are no allegations against him contained therein. As a result, the lone Defendants herein are the Pittsylvania County Department and Bowker. Filed in the Clerk's Office of the Circuit Court of Pittsylvania County the 17th day of AUG , 2022 at 11:18 am/pm.

Mark W. Scarce, Clerk

By: _Crystal Powell_ Deputy Clerk

by the Department as a corrections officer "due to a felony conviction." While Plaintiff states that he does not have a "felony conviction" for assault and battery, he does admit that he has a misdemeanor conviction for this offense. Complaint, Exhibit A.

On August 16, 2022, Defendants, by counsel, filed a Plea in Bar, Plea of Sovereign Immunity, Plea of Qualified Immunity and Demurrer to the Complaint. To the extent not fully addressed in that prior filing, and insofar as Plaintiff seeks to make a claim under Va. Code § 2.2-3907 (as mentioned in Exhibit A to his Complaint), such is barred by sovereign immunity for the reasons stated herein.

## II.    Argument

### A.    Defendants Are Immune From Plaintiff's Purported Claim Under Va. Code § 2.2-3907

1.    The Commonwealth maintains its common law protection from suit under the doctrine of sovereign immunity. "[T]hat doctrine is 'alive and well' in Virginia." *Messina v. Burden*, 228 Va. 301, 307 (1984).

2.    In Exhibit A to the Complaint, Plaintiff alleges that "the case is not a true bill and the issue in the complaint is a clear violation of due process and unlawful discrimination pursuant to Virginia code 2.2-3907. Wherein the Attorney General should investigate and file complaint with the Office of Civil Rights Office of Law." Complaint, Exhibit A at 2. To the extent the Plaintiff seeks to bring a claim under Virginia Code § 2.2-3907 (*e.g.*, by asking the Attorney General to "investigate" his "complaint"), such is barred on sovereign immunity grounds.

3.    "It is well-settled that Commonwealth agencies are not bound by statutes of general application '*no matter how comprehensive the language*, unless names expressly or included by necessary implication.'" *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 426-27

2

(2012) (*quoting Commonwealth ex rel. Process v. Bd. of Sup'rs of Spotsylvania Cnty.*, 225 Va. 492, 494 (1983) (emphasis original)).

4.    VDOC is a state agency (per Va. Code § 53.1-8 *et seq.*) and thus also "enjoys the privileges of immunity." *See Drew v. Va. Commonwealth Univ.*, No. 3:17cv429, 2018 U.S. Dist. LEXIS 50944, at \*3 (E.D. Va. Mar. 27, 2018); *see also Phelan v. Commonwealth*, 291 Va. 192, 194-95 (2016) (opining that the Commonwealth and VDOC (as one of "its agencies") are protected by sovereign immunity unless a statutory or constitutional provision states otherwise).

5.    Va. Code § 2.2-3907 is a statute of general application. It states, in pertinent part, that "Any person claiming to be aggrieved by an unlawful discriminatory practice may file a complaint in writing under oath or affirmation with the Office of Civil Rights of the Department of Law (the Office). The Office itself or the Attorney General may in a like manner file such a complaint." *See* Va. Code § 2.2-3907. The statute does not define the term "unlawful discriminatory practice." It also does not explicitly state that it is applicable to the Commonwealth or its agencies nor does it contain an express waiver of sovereign immunity.[2]

6.    VDOC, as an agency or instrumentality of the Commonwealth, is entitled to sovereign immunity with respect to Plaintiff's claim under Virginia Code § 2.2-3907. Bowker, as an employee of the Department, likewise is entitled to such. *See, e.g., James v. Jane*, 221 Va. 43, 50-51 (1980) (noting, when deciding employee's entitlement to sovereign immunity, that University of Virginia was "an agency of the Commonwealth of Virgiinia ... entitled to the protection of the immunity of the state").

---

[2] Va. Code § 2.2-3905, entitled "Nondiscrimination in Employment; Definitions; Exceptions", defines both the term "unlawful discriminatory practice" and "employer." Neither reference the Commonwealth nor its agencies. Moreover, that statute likewise does not explicitly state that it is applicable to the Commonwealth or its agencies nor does it contain an express waiver of sovereign immunity.

3

7.      As noted above, Fontaine states that "the Attorney General should investigate and file complaint with the Office of Civil Rights Office of Law." Complaint, Exhibit A at 2. The Attorney General is tasked by statute to provide legal services to the Commonwealth and its agencies (and other state entities and officials) – which includes, among other things, representation of such "in all litigation in which any of them are interested." *See, e.g.,* Va. Code § 2.2-507(A). Such duties and responsibilities of the Attorney General further support the position that Virginia Code § 2.2-3907 does not apply to the Commonwealth, its agencies or its employees (thus any claims thereunder are barred by sovereign immunity).

8.      Finally, Defendants have not waived their entitlement to sovereign immunity in regard to Plaintiff's claim under Virginia Code § 2.2-3907, as such is an issue of subject matter jurisdiction. *Afzall v. Commonwealth*, 273 Va. 226, 230 (2007) (holding that Commonwealth did not waive sovereign immunity defense by raising issue for first time on appeal because, "if sovereign immunity applies, the court is without subject matter jurisdiction to adjudicate the claim"). Defendants also previously raised their entitlement to sovereign immunity in their Plea in Bar, Plea of Sovereign Immunity, Plea of Qualified Immunity and Demurrer to the Complaint filed on August 16, 2022.

## III.    Conclusion

WHEREFORE, the Department and Bowker move to dismiss, *with prejudice*, Plaintiff's claim under Va. Code § 2.2-3907 based on their plea of sovereign immunity. Defendants further request any other relief that the Court deems just and appropriate.

Respectfully submitted,
**VIRGINIA DEPARTMENT
OF CORRECTIONS and GARY BOWKER**

By Counsel

Ronald N. Regnery (VSB No. 37453)
Senior Assistant Attorney General
Muhammad Umar (VSB No. 96092)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-1109
Facsimile: (804) 371-2087
Email: RRegnery3@oag.state.va.us
Email: MUmar@oag.state.va.us
*Counsel for Defendants,
Virginia Department of Corrections
and Gary Bowker*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th of August, 2022, a true copy of the foregoing Plea of

Sovereign Immunity as to Plaintiff's Claim under Virginia Code § 2.2-3907 was mailed via USPS,

first class, postage prepaid, to the following:

> Jerry S. Fontaine
> 4060 Banister Road
> Chatham, VA 24531
> *Plaintiff Pro Se*

> Ronald N. Regnery (VSB No. 37453)
> Senior Assistant Attorney General
> OFFICE OF THE ATTORNEY GENERAL
> 202 North 9th Street
> Richmond, Virginia 23219
> Telephone: (804) 786-1109
> Facsimile: (804) 371-2087
> Email: RRegnery3@oag.state.va.us
> *Counsel for Defendants,*
> *Virginia Department of Corrections*
> *and Gary Bowker*

6

VIRGINIA:

IN THE CIRCUIT COURT OF PITTSYLVANIA COUNTY

JERRY S. FONTAINE,

      Plaintiff,

v.                                      Case No. CL22000641-00

VIRGINIA DEPARTMENT OF
CORRECTIONS, et al.

      Defendants.

## NOTICE OF APPEARANCE

COMES NOW, Ronald N. Regnery, Senior Assistant Attorney General in the Virginia Office of the Attorney General, and enters his appearance as co-counsel for the Virginia Department of Corrections and Gary Bowker in the above-captioned matter.

                              Respectfully submitted,

                              Ronald N. Regnery (VSB No. 37453)
                              Assistant Attorney General
                              Office of the Attorney General
                              202 North 9th Street
                              Richmond, VA 23219
                              Telephone: (804) 786-1109
                              Facsimile: (804) 371-2087
                              Email: RRegnery@oag.state.va.us
                              *Counsel for Defendants*
                              *Virginia Department of Corrections, and*
                              *Gary Bowker*

Filed in the Clerk's Office of the Circuit Court of Pittsylvania County this 16th day of August, 20 22 at 11:10 a.m./p.m.
Mark W. Scarce, Clerk

By: _____ Deputy Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2022, the foregoing Notice of Appearance

was sent via UPS overnight mail to the Clerk of the Circuit Court of Pittsylvania County, and a

copy was sent to Plaintiff via USPS, postage prepaid, to the following address:

> Jerry S. Fontaine
> 4060 Banister Road
> Chatham, VA 24531

Ronald N. Regnery (VSB No. 37453)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Telephone: (804) 786-1109
Facsimile: (804) 371-2087
Email: RRegnery@oag.state.va.us
*Counsel for Defendants*
*Virginia Department of Corrections, and*
*Gary Bowker*

2

VIRGINIA:

IN THE CIRCUIT COURT OF PITTSYLVANIA COUNTY

JERRY S. FONTAINE,

Plaintiff,

v.                                                      Case No. CL22000641-00

VIRGINIA DEPARTMENT OF
CORRECTIONS, et al.

Defendants.

## NOTICE OF APPEARANCE

COMES NOW, Muhammad Umar, Assistant Attorney General in the Virginia Office of

the Attorney General, and enters his appearance as co-counsel for the Virginia Department of

Corrections and Gary Bowker in the above-captioned matter.

Respectfully submitted,

Muhammad Umar (VSB No. 96092)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Telephone: (804) 786-9593
Facsimile: (804) 371-2087
Email: MUmar@oag.state.va.us
*Counsel for Defendants*
*Virginia Department of Corrections, and*
*Gary Bowker*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2022, the foregoing Notice of Appearance

was sent via UPS overnight mail to the Clerk of the Circuit Court of Pittsylvania County, and a

copy was sent to Plaintiff via USPS, postage prepaid, to the following address:

> Jerry S. Fontaine
> 4060 Banister Road
> Chatham, VA 24531

Muhammad Umar (VSB No. 96092)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Telephone: (804) 786-9593
Facsimile: (804) 371-2087
Email: MUmar@oag.state.va.us
*Counsel for Defendants*
*Virginia Department of Corrections, and*
*Gary Bowker*